PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her 2000 Honda Odyssey striking rocks when she was traveling westbound on Route 60 near Huntington in Cabell County. Route 60 is a road maintained by respondent in Cabell County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 5:00 p.m. on April 16, 2004, a dry day. Route 60 is a four-lane road with a speed limit of forty-five miles per hour in the area of claimant’s incident. Ms. Tao was driving westbound in the passing lane of Route 60 with a vehicle to her right when she noticed a large rock coming down the side of the mountain adjacent to the road. The rock bounced across the road, part of it striking claimant’s vehicle on the roof, part of it landing in front of claimant’s vehicle. Claimant’s vehicle struck the rocks and sustained damage to the front bumper, gas tank, left tire, grill and hood totaling $4,557.95. Claimant’s insurance deductible was $1,000.00.
The position of the respondent was that it did not have notice of the rocks falling onto Route 60. Mike King, Highway Administrator for respondent in Cabell County, testified that this is not an area that is prone to rock falls. He stated that the hillside has a bench cut, which helps to prevent rock slides. Mr. King testified that he was unaware of any rock falls occurring in this area. Respondent maintains that there was no prior notice of any rocks on Route 60 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 60 in Cabell County. The hillside along Route 60 is a bench cut. Further, respondent had no notice of any danger of rock falls in the area. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.